IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC. | **CASE NO. 1:19-cv-23917-JLK** |
| Plaintiff, | |
| v. | |
| MIDWEST INSURUANCE COMPANY | |
| and | |
| THE MIDWEST'S BEST PRODUCE COMPANY | |
| Defendants. | |

## <u>DEFENDANT THE MIDWEST'S BEST PRODUCE COMPANY'S</u>

## <u>MOTION TO DISMISS OR TRANSFER</u>

Pursuant to the Federal Rules of Civil Procedure 12(b)(3) and 28 U.S.C.A. §1404(a) The Midwest's Best Produce Company ("Midwest") moves to dismiss or transfer the Complaint filed by Del Monte Fresh Produce, N.A. Inc. ("Del Monte"). For the reasons stated below, this Court should grant Midwest's motion.

## <u>INTRODUCTION</u>

Del Monte is one of North America's producers, marketers and sellers of produce. *See* [D.E. 1, at ¶8]. Del Monte obtained its produce from The Midwest's Best Produce Company ("Midwest's Best"), which is a Missouri corporation that obtained insurance policies in Missouri.

*See* [D.E. 1, ¶10].  In June of 2018 health departments in Midwestern states informed Del Monte that people in the Midwest became ill after consuming vegetable trays the individuals purchased in the Midwest.  *See* [D.E. 1, ¶¶10-11].  In this action Del Monte is seeking an order that Del Monte is an additional insured under the Missouri policies AMCO issued to Midwest's Best, *See* [D.E. 1, at ¶28].  In addition, Del Monte wants a ruling that AMCO's policies provide primary coverage for the claims made by people in the Midwest and the lawsuits filed in the Midwestern courts.  *See* [D.E. 1, ¶¶28-29].

**A.      This Court Should Dismiss Del Monte's Lawsuit Because It Violates 28 U.S.C. §1391**

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in:

(1)      a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)       a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)      if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Section 1406 of title 28 of the United States Code states "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is not proper in this district under Section 1391(b)(1), because neither of the defendants, let alone both of them, are Florida residents.   As asserted in the Complaint, AMCO is an Iowa corporation with its principal place of business in Des Moines, Iowa and Midwest's Best is a Missouri corporation with is principal place of business in Saint Louis.  *See* [D.E. 1,

Page 2 at ¶¶2-3].  Nor is venue proper under subsection (b)(2).  Although the Complaint makes the conclusory statement that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district," that statement is false.  *See* [D.E. 1, Page 3 at ¶7].

Examining Del Monte's Complaint and the underlying actions attached to the Complaint shows the Southern District of Florida's connection to this litigation is nominal at best. Midwest's Best received vegetables from multiple locations and then sold that produce to Del Monte so Del Monte could sell the vegetables in Minnesota, Wisconsin and other Midwestern states.  *See* [D.E. 1, Page 5, at ¶10].   For example, Midwest's Best obtained some cauliflower from Beachside Produce, LLC, which is a California corporation *See* ¶¶8-9 of Midwest Best's First Amended Third-Party Complaint, attached as Exhibit "A."  C.H. Robinson Co., Inc., which is a Minnesota corporation, also supplied Midwest's Best with cauliflower. *See* Exhibit A, ¶12-13.  In addition, some of the broccoli Midwest's Best used came from Fortune Growers, LLC, which is an Illinois company.  *See* Exhibit A, ¶11.

In June of 2018 state health departments began investigating illnesses that developed after people purchased vegetable trays in Wisconsin, Minnesota and other Midwestern states. *See* [D.E. 1, Page 5, ¶11].  *See also* [D.E. 1-2, Page 2,  ¶4 and Page 14, ¶3.6].   On June 27, 2018, the FDA inspected  Midwest's Best Saint Louis, Missouri facility.  *See* Exhibit B, Page 13, ¶78. Laboratory tests confirmed illnesses in Minnesota, Wisconsin, Iowa and Michigan arose from Del Monte's vegetable trays and Del Monte's Kanakee, Illinois processing facility.   *See* Page 12 at ¶71 and Page 14, ¶80 of Robin Kroening's Second Amended Complaint, attached as Exhibit, "B."  Del Monte eventually recalled its vegetable trays that had been distributed in Illinois, Indiana, Michigan, Minnesota and Wisconsin.  *See* Exhibit B, Page 12,  ¶65.

Del Monte's Complaint contends there are two underlying actions and 174 additional claimants. *See* [D.E. 1, Page 2 at ¶4]. None of the lawsuits are located in Florida and Del Monte has not asserted any of the claimants are residents or citizens of Florida. For instance, one of the underlying actions referenced in Del Monte's Complaint was filed by Robin Miller Kroening, who is a citizen of Minnesota, purchased a vegetable tray in Minnesota and filed her lawsuit in Minnesota. *See* Exhibit B, Page 15, ¶90. Reviewing Mrs. Kroening's Second Amended Complaint shows she is currently suing Del Monte and Midwest's Best as a result of her illness. *See* Exhibit B. Mrs. Kroening's negligence cause of action contends Del Monte failed to adequately maintain and monitor the safety of its products, failed to operate Del Monte's manufacturing facilities and failed to test the processing environment. *See* Exhibit B, Page18-19, ¶117. Based on the allegations in Mrs. Kroening's operative complaint, no acts or omissions giving rise to the claim occurred in the Southern District of Florida.

The other underlying action Del Monte attached to its Complaint was filed by Aaron Ringmeier in the United States District Court for the Eastern District of Wisconsin. *See* [D.E. 1-2]. Aaron Ringmeier is a citizen and resident of Wisconsin who purportedly became ill after consuming a Del Monte vegetable tray that he purchased in Wisconsin. *See* [D.E. 1-2, ¶¶3.14 and 3.16]. Aaron Ringmeier contends Del Monte had a duty to maintain and monitor the sanitary conditions of their products, premises, equipment and employees of the entities in the supply chain. *See* [D.E. 1-2, ¶4.11.1]. Those entities include Missouri based Midwest's Best. Aaron Ringmeier also asserts Del Monte failed to train its agents how to prevent the transmission of Cyclospora. *See* [D.E. 1-2, ¶4.11.5]. In addition, the individuals working on Del Monte's behalf allegedly failed to comply with Minnesota Food Law Section 31.02 and 21 U.S.C. § 331

which prohibits the introduction or delivery of adulerated food into interstate commerce *See* [D.E. 1-2, Page 9 at ¶¶44-45 and 48]. As a result of Del Monte's agent, Midwest's Best, being located in Missouri and Aaron Ringmeier not raising any allegations that the produce was shipped from or processed in Florida, no acts or omissions giving rise to his claim occurred in the Southern District of Florida.

Since Del Monte's action could have been brought in the United States District Court for the District of Minnesota, the United States District Court for the Eastern District of Wisconsin, or the United States District Court for the Eastern District of Missouri, venue is not proper in the Southern District of Florida under subsection (3). This Court should therefore dismiss Del Monte's lawsuit because it cannot satisfy any portion of Section 1391 of title 28.

**B.    28 U.S.C.A. §1404(a) Supports Transferring Del Monte's Lawsuit to a More Convenient Forum.**

### 1.    The Eastern District of Missouri is an Adequate and Available Alternative Forum

Even if Del Monte could establish its lawsuit satisfies Section 1391 of title 28, which it cannot, this Court would still be obligated to transfer the lawsuit based on 28 U.S.C.A. §1404(a), which allows a Court to transfer a matter to another district or division for the convenience of the parties and witnesses. "Under the doctrine of forum non conveniens, even if venue is proper, a district court possesses the discretion to transfer a case to a more convenient forum." *Perez-Lang v. Corporacion De Hoteles, S.A.*, 575 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008). "To prevail on a motion to dismiss for forum non conveniens, the defendant has the burden of establishing that (1) an available and adequate alternative forum exists, (2) the private factors weigh in favor of dismissal; (3) the public factors weigh in favor of dismissal; and (4) there would be no

inconvenience or prejudice to the plaintiff in filing in the foreign forum." *Perez-Lang*, *S.A*., 575 F. Supp. 2d at 1348. "The Court need only consider the public interest factors when the private interest factors are at or near equipoise.'" *Ballard v. Maco Caribe, Inc.*, 2014 U.S. Dist. LEXIS 133512, *8 (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc*., 578 F.3d 1283, 1289-90 (11th Cir. 2009)). "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Regarding the first factor, "[t]he burden of establishing whether an alternative forum exists is not a heavy one." *Warter v. Boston Sec., SA.*, 380 F. Supp. 2d 1299, 1306-07 (S.D. Fla. 2004) (internal quotation marks and citation omitted). "[A] forum is available if it is amenable to service of process or the opposing party consents to jurisdiction in the alternative forum." *Perez-Lang*, *S.A*., 575 F. Supp. 2d at 1349. Moreover, "[a] forum is generally adequate if it can provide some relief for Plaintiff's claims. Additionally, a forum is still adequate even if 'the substantive law that would be applied in the alternative forum is less favorable to the Plaintiffs than that of the present forum.'" *Id.* (quoting *Piper Aircraft Co.*, 454 U.S. at 242). "An alternative forum is presumed 'adequate' unless the plaintiff makes some showing to the contrary." *Da Rocha v. Bell Helicopter Textron, Inc.*, 451 F. Supp. 2d 1318, 1322 (S.D. Fla. 2006

Here, the United States District Court for the Eastern District of Missouri is an appropriate forum because MIDWEST is amenable to service in the United States District Court for the Eastern District of Missouri, AMCO consents to litigation in that jurisdiction and Del Monte can seek all of the relief that it wants from the Eastern District of Missouri. Further, the Eastern District of Missouri would have jurisdiction over all of the parties in the lawsuit because

complete diversity exists.  Based upon the record, this Court should conclude that the Eastern

District of Missouri would provide an adequate alternative forum for the litigation of this

dispute.

        **2.**        **The Private Factors Strongly Favor Transferring This Action**

"The private factors the Court must consider are the 'relative ease of access to sources of

proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining

willing, witnesses; possibility of view of premises, if view would be appropriate to the action;

and all other practical problems that make trial of a case easy, expeditious and inexpensive.'"

*Ballard v. Maco Caribe, Inc.*, Case No: 14-CIV-21670-GAYLES, 2014 U.S. Dist. LEXIS

133512, *5 (S.D. Fla. Sept. 23, 2014) (quoting *Piper Aircraft*, 454 U.S. at 241 n. 6).  The first

factor, ease of access to evidence, is "perhaps the most important private interest." *Ballard*, 2014

U.S. Dist. LEXIS 133512, *5 (quoting *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003)).

Ease of access to essential proof in the instant case weighs heavily in favor of the Eastern

District of Missouri.  The two underlying actions have made allegations regarding Midwest's

Best's actions and those actions occurred in Missouri which is why the FDA inspected

Midwest's Best's facility in Missouri.  Witnesses with knowledge of that inspection and how the

facility received, stored and transported the produce are located in Missouri.  The people who

received the allegedly inadequate training are also located in Missouri.  Some of those

individuals include Dan Pupillo, Midwest's Best's CEO and the person who the FDA notice was

directed to, Dinko Saric, who is in Midwest's Best Sales Department and Denis Saric, who is

Midwest's Best's Food Safety Coordinator.

Turning to the second private factor, at least one of Florida's federal courts has remarked that "[o]f all of the private interest factors, the relative ability of the forums to compel the attendance of significant unwilling witnesses at the trial often is considered the most important factor, because the presentation of live testimony is essential to a fair trial." *Estate of Gutierrez v. Ford Motor Co.*, No., CASE NO: 8:02 CV-676-T-17 EAJ,  2004 U.S. Dist. LEXIS 7535 at 28 (M.D. Fla. Apr. 19, 2004).   Although letters rogatory might be available to secure the testimony of non-party witnesses for trial in the United States, numerous courts in the Eleventh Circuit, including the Southern District of Florida, have held that the need to resort to videotaped depositions or letters rogatory strongly supports dismissal:

> Plaintiff argues that the witnesses' testimony  could be obtained through other means, such as videotaped depositions or letters rogatory. But given the importance of these witnesses in assessing the disputed factual issues, the Court finds that no adequate substitute exists for the witnesses' live testimony and that the lack of access to this testimony weighs very strongly in favor of dismissal. *See McLane v. Marriott Int'l, Inc.,* 960 F. Supp. 2d 1351, – 2013 WL 1810649, at *6 (S.D. Fla. Apr. 30, 2013) (holding that private factors "strongly weigh in favor of dismissal because the most critical witnesses concerning liability cannot be compelled to testify in this Court").

*Montgomery v. Oberti*, 945 F. Supp. 2d 1367, 1376 (S.D. Fla. May 16, 2013)

Midwest's Best's employees and the individual or individuals who inspected Midwest's Best's Missouri facility cannot be compelled to testify in the Southern District of Florida. Under the Federal Rules of Civil Procedure, witnesses may be subject to compulsory process so long as they are within a 100-mile radius of the trial location. *See* Fed. R. Civ. P. 45(c)(1)(A). The identified witnesses live outside of that radius; thus, they would not be subject to compulsory process. Securing testimony of these witnesses without the availability of compulsory process would likely cause inconvenience and expense to numerous parties.   In

contrast, most of the identified witnesses would be subject to compulsory service if the litigation occurred in Missouri.

The next factor, which is "physical evidence and view of the premises," also supports transfer. Although Del Monte's headquarters are located in the Southern District of Florida, that is not where the facts and circumstances giving rise to this litigation occurred. The FDA instead inspected Midwest's Best's facility in Missouri because that is the relevant premises. Viewing that location would be helpful in determining how the produce was stored, packaged and transported. To the extent other relevant locations exist, they would be in Midwestern states since the produce was sold in the Midwest. Traveling to those locations from Missouri would be easier than traveling to them from Florida. Balancing the private interest factors supports the Southern District of Florida transferring Del Monte's lawsuit. As stated by the United States Supreme Court, "[a] citizen's forum choice should not be given dispositive weight. . . . As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or for the court, dismissal is proper." *Piper Aircraft v. Reyno*, 454 US 235, 246 n.23 (1981).

### 3.     The Public Interest Factors Strongly Favor Transfer

The public factors also weigh heavily in favor of litigation in a jurisdiction other than Florida. The public interest factors include  (1) "'the administrative difficulties flowing from court congestion"; (2) "the local interest in having localized controversies decided at home'"; (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law"; and (5) "the unfairness of burdening citizens in an unrelated

forum with jury duty." *McLane v. Marriott Int'l, Inc*., 547 Fed. Appx. 950, 958 (11th Cir. 2013) (quoting *Piper Aircraft  v. Reyno*, 454 U.S. 235, 240 n.6) (internal quotation marks omitted).  As remarked by the United States Supreme Court, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-9, (1947).

Here, the insurance policies Del Monte is seeking coverage under incepted in Missouri so Missouri law will apply to the interpretation of those policies.  Florida should not be forced to interpret Missouri law when Missouri's Eastern District is an available and more convenient forum.  Moreover, the facts and circumstances giving ride to all of the claims occurred in the Midwest and not Florida.  Missouri, unlike Florida, Missouri, has an interest in this litigation, which alleges that hundreds of people from the Midwest were injured and have made claims because of acts and omissions that occurred in the Midwest.   Furthermore, "The Southern District of Florida has one of the busiest dockets in the country; therefore, the administrative burden for a matter with little connection to Florida is a concern."  *Ballard*, 2014 U.S. Dist. LEXIS 133512, *9.  "Indeed, the action would be an unfair burden on jurors in this district. Plaintiffs' claims involve very little — if any — association to Florida."  *Id.* As the foregoing makes clear, public factors weigh heavily in favor of a Missouri forum.

WHEREFORE, The Midwest's Best Produce Company respectfully requests this Court dismiss the instant action either because it violates 28 U.S.C. §1391 or, in the alternative, transfer this matter to the United States District Court, Eastern District of Missouri, pursuant to 28 U.S.C.A. §1404(a) because the Southern District of Florida is an inconvenient forum.

Respectfully submitted,

*/s/ Isaac J. Mitrani*
Isaac J. Mitrani
Florida Bar No. 348538
Daniel S. Bitran
Florida Bar No. 124041
MITRANI, RYNOR,
ADAMSKY & TOLAND, P.A.
301 Arthur Godfrey Road, Penthouse
Miami Beach, FL  33140
Tel.:    305-/358-0050
Fax:    305/358-0050
imitrani@mitrani.com
dbitran@mitrani.com
ctenn@mitrani.com
miamidocketing@mitrani.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2019, a true and correct copy of the foregoing Motion to Dismiss or Transfer was filed with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to all counsel and parties of record listed on the Service List Below.

> */s/ Isaac J. Mitrani*
> Isaac J. Mitrani
> Florida Bar No. 348538
> Daniel S. Bitran
> Florida Bar No. 124041
> MITRANI, RYNOR,
> ADAMSKY & TOLAND, P.A.
> 301 Arthur Godfrey Road, Penthouse
> Miami Beach, FL  33140
> Tel.:    305-/358-0050
> Fax:    305/358-0050
> imitrani@mitrani.com
> dbitran@mitrani.com
> ctenn@mitrani.com
> miamidocketing@mitrani.com

**Service List**

D. Ross McCloy, Jr., FL Bar No 0262943
Hand Arendall Harrison Sale, LLC
P.O. Drawer 1579
Panama City, FL 32402
(850) 769-3434
(850) 769-6121 Facsimile
rmccloy@handfirm.com
rjackson@handfirm.com

Joseph Cowan, II,
Pro Hac Vice Admission Pending
Hand Arendall Harrison Sale, LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
(205) 324-4400
(205) 322-1163
jcowan@handfirm.com
*Attorneys for Plaintiff Del Monte, Inc.*